THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:08-cr-00079-MR-DLH-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| BARRY LEE SANDERS, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion to modify his sentence. [Doc. 231].

The Defendant pleaded guilty to manufacturing counterfeit obligations or securities, and aiding and abetting the same, in violation of 18 U.S.C. §§ 471 and 2. He was sentenced by the Honorable Lacy H. Thornburg, United States District Judge, on May 28, 2009. [Doc. 104]. With regard to the Defendant's sentence, the Judgment states as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of thirty-seven (37) months as to count 2. Pursuant to USSG § 5G1.3(b), the Court determines the undischarged term of imprisonment in Docket Number 08CRS50429 is relevant conduct to the instant offense of conviction under the provisions of USSG § 1B1.3(a)(1) and that was the basis for an increase in the offense level for the instant offense

> under Chapter Two or Chapter Three. Therefore, 10 months shall run concurrently to the state sentence imposed in Docket Number 08CRS50429 in Henderson County, North Carolina.
>
> Since the defendant is serving undischarged terms of imprisonment as the result of probation revocations, pursuant to USSG § 5G1.3, comment (n.3(C)), the remaining 27 months shall run consecutive to the state undischarged imprisonment sentences imposed in Docket Numbers 07CRS50407, 07CRS50408, 07CRS50409, 07CRS50419 and 07CRS50420 in Henderson County, North Carolina.

[Doc. 104 at 2].[1]

In his present motion, the Defendant argues that his 37-month federal sentence also should have been run concurrently with state sentences that were imposed in 08CRS50430 and 08CRS50431. The Defendant moves the Court to correct his sentence. [Doc. 231]. The Defendant, however, was released from the custody of the Bureau of Prisons regarding this 37-month term on February 13, 2015. As such, an administrative determination has been made that the sentence has been discharged, and any motion to correct that portion of that sentence would appear to be moot.

---

[1] This Court subsequently revoked the Defendant's term of supervised release on October 2, 2015, and sentenced him to seven months of imprisonment and twenty-four months of supervised release. [Doc. 213]. On July 12, 2016, a warrant was issued for the Defendant's arrest for another supervised release violation. [Doc. 227]. That charge remains pending, as it appears that the Defendant is currently in state custody.

More importantly, however, the Court may modify a criminal judgment only in limited circumstances. Rule 36 of the Federal Rules of Criminal Procedure provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. There is, however, no clerical error in the Court's Judgment that requires correction in this instance. Pursuant to 18 U.S.C. § 3582(c), the Court may reduce or modify a sentence only: (1) upon motion of the Director of the Bureau of Prisons, if certain extraordinary and compelling reasons so warrant; (2) under the express authority of Rule 35 of the Rules of Criminal Procedure, which provides that the Court may correct a clear error in a sentence within 14 days after sentencing or reduce a sentence upon motion by the Government for the defendant's substantial assistance; or (3) when a defendant is sentenced to a term of imprisonment based upon a sentencing range that was subsequently lowered by the United States Sentencing Commission. See 18 U.S.C. § 3582(c). None of these circumstances, however, are applicable in the present case. Accordingly, the Defendant's motion for a modification of his sentence must be denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter [Doc. 231], which the Court construes as a motion to modify his sentence, is hereby **DENIED**.

**IT IS SO ORDERED.**

Signed: May 10, 2017

Martin Reidinger
United States District Judge